HERBERT NASH *vs.* ELIZABETH W. ADAMS *et al.*

Argued July 5, 1893.    Affirmed Oct. 10, 1893.

Nos. 8197 and 8198.

A Stipulation Construed.

A certain stipulation, entered into between the plaintiff in an action to foreclose a mortgage on real property and defendants S. and P. as copartners, who had alleged in their answer a prior and superior lien upon the premises by virtue of the mechanics' lien law, and the pendency of an action against the mortgagor owner to foreclose the same, that judgment might be entered as against the mortgagor alone, and the entry of judgment thereon.    *Held* not to have had the effect of a dismissal or discontinuance of the action as against the answering defendants S. and P.

Statement of Facts Showing a Matter to be Res Adjudicata.

Subsequent to this stipulation, the S. S. & D. Co., a corporation, also a defendant, and a party to the stipulation, commenced an action to foreclose a claim under the mechanics' lien law, the mortgagor, the mortgagee, and S. and P. being defendants.    The mortgagee, plaintiff herein, wholly defaulted, and S. and P. failed to answer.    Judgment was duly entered determining that the lien claim of plaintiff corporation was prior and superior to that of the mortgagee but co-ordinate with that held by S. and P. The mortgagee then appealed to this court, but the judgment was affirmed.    He then moved the court below to vacate and set aside those portions of its findings of fact and conclusions of law which authorized that part of the judgment which determined the lien claims to be co-ordinate. The motion was denied.    Later the mortgagee redeemed from a sale of

the premises made by the corporation to satisfy its judgment, and on the trial of this action relied on this redemption as evidence of his title. *Held,* that the mortgagee, this plaintiff, is concluded by that part of the judgment which in effect subordinated his mortgage to the lien claim of S. and P.

**A Mortgagee's Right to Redeem from Prior Liens not Foreclosed.** S. and P. prosecuted their action against the mortgagor to a final judgment, and sold the premises in satisfaction thereof, becoming the purchasers at the sale. *Held,* that in none of the proceedings before mentioned has there been set in motion the period of time within which the present plaintiff as mortgagee has the right to redeem the premises from the sale to S. and P.

Appeal by plaintiff, Herbert Nash, from a judgment of the District Court of Hennepin County, *William Lochren,* J., entered March 9, 1893. Appeal also by defendants, Charles A. Smith and John S. Pillsbury from the same judgment.

On October 15, 1888, defendant Elizabeth W. Adams, owned lot four (4) in block one (1) in L. & R.'s subdivisions of Lawrence & Reeve's Out lots in Minneapolis, and had made a contract a few days before with B. W. Kiernan to build a dwelling house on it for her. On that day the defendants, Charles A. Smith and John S. Pillsbury, partners doing business under the firm name of C. A. Smith & Co., sold and delivered to Kiernan on the premises lumber and materials for the house of the value of $405.49 and afterwards filed a lien therefor. The defendant the State Sash & Door Manufacturing Company, a corporation, also furnished about the same time materials for the house of the value of $182.32, and afterwards filed a lien therefor. Several other parties either performed labor or furnished materials for Kiernan in building the house and filed liens thereon.

On November 5, 1888, Mrs. Adams executed a mortgage on the lot to Edward Russell for $1,600. This mortgage was recorded November 8, 1888, in the Registry of Deeds. Russel assigned this mortgage to the plaintiff and he began an action in the District Court on August 23, 1889, to foreclose it, making the mortgagor and all the lienors parties defendants. They appeared and answered, setting forth their liens. On November 8, 1889, the parties to that foreclosure suit stipulated in writing and filed it in court, that judgment be entered for the relief prayed, but that it should contain no provision or clause making the mortgage prior or superior

in any way to the liens of the defendants, but that the judgment should be entered the same as if the lienors were not made defendants in that action. Judgment was entered on this stipulation November 23, 1889, and the property was sold under it by the sheriff on June 6, 1892, to the plaintiff for $2,203.63 and the sale was confirmed June 18, 1892. Mrs. Adams meantime on March 7, 1891, surrendered possession of the property to the plaintiff and on July 30, 1892, she executed and delivered to the plaintiff a quitclaim deed of the lot.

Charles A. Smith and John S. Pillsbury commenced an action in 1889 to foreclose their lien. They made the owner, Mrs. Adams, the contractor Kiernan and most of the other lien claimants defendants, but they omitted to make State Sash & Door Manufacturing Company and the assignee of the mortgage parties to the action. They obtained judgment January 7, 1890, against Kiernan for their claim, interest and costs, amounting to $448.89 and adjudging it a lien on the property and directing it to be sold to pay the same. The property was sold by the Sheriff February 24, 1890, under this judgment to Smith and Pillsbury for $480.98, and on March 7, 1890, this sale was confirmed. No redemption was made from this sale and on August 8, 1891, a final decree was rendered adjudging Smith and Pillsbury to be the owners of the property as against the defendants in that action and all parties claiming under them subsequent to the commencement thereof.

On February 27, 1890, the State Sash & Door Manufacturing Company began an action in the District Court to foreclose its lien. The owner, Mrs. Adams, the contractor Kiernan, the assignee of the mortgage Nash, and all the lien claimants including Smith and Pillsbury were made defendants and were duly served. Judgment was entered December 19, 1890, adjudging due the corporation $315.65 and directing the property to be sold by the Sheriff to pay it, that it was co-ordinate with the judgment in favor of Smith and Pillsbury and that both were superior to the mortgage. On appeal this judgment was affirmed in this court. *State S. & D. Mf'g Co.* v. *Adams,* 47 Minn. 399. The assignee of the mortgage then moved the court to amend the findings and judgment, but was refused. The property was then sold by the Sheriff under this judgment and the sale was confirmed April 4, 1891. Nash,

the assignee of the mortgage, duly redeemed April 5, 1892, from this sale as a creditor, having a subsequent lien paying $377.28 and receiving the Sheriff's certificate of redemption.

On August 4, 1892, Nash commenced this action to determine all adverse claims and made defendants all the parties above mentioned. The facts above recited were shown in evidence. The court made findings and ordered judgment that as to the defendants Smith and Pillsbury the plaintiff take nothing. As to all the other defendants that plaintiff was entitled to judgment that he is owner of the property and that they have no interest in it. Judgment was so entered and both plaintiff and the defendants Smith and Pillsbury appeal.

*Fred W. Reed*, for plaintiff.

*Ueland & Holt*, for C. A. Smith & Co.

COLLINS, J. This was an action brought to determine adverse claims to a city lot. The findings of fact made in the court below stand unquestioned on appeal from a judgment entered in accordance with the order of the court that defendants Smith and Pillsbury, copartners as C. A. Smith & Co., recover their costs and disbursements from the plaintiff, and that as to the other defendants he have the relief demanded. Plaintiff and defendants Smith and Pillsbury, copartners, both appeal from this judgment the latter claiming that the court should have adjudged them to be tenants in common with plaintiff. The case is really quite simple, although from the many facts involved it would appear to be much complicated. March 8, 1891, the year expired within which Adams, as the owner, had the right to redeem from the sale to Smith and Pillsbury. The former, having failed to redeem, was then divested of all title to the premises, while the latter became the owners in fee as of October 15, 1888, subject, however, to the undetermined rights and interests of Nash, the mortgagee, and the State S. & D. Co., material men. As neither of these persons had been brought into the action in which C. A. Smith & Co. were plaintiffs, their rights and interests had not been affected or adjudicated. But in the month of August, 1889, the present plaintiff commenced an action to foreclose his mortgage, in which Smith and Pillsbury, as partners, and the State S. & D. Co., were made defendants, it being alleged

in the complaint that each had, or claimed to have, some title or interest in and to the mortgaged premises, and that such title or interest was inferior and subordinate to plaintiff's mortgage. To this complaint Smith and Pillsbury answered, setting up their lien and proceedings thereon, including the commencement and pendency of the lien foreclosure action, and expressly putting in issue plaintiff's allegation that their own title or claim to the premises was inferior and subordinate to plaintiff's mortgage. In this answer it was distinctly averred that the first item of material had been furnished by C. A. Smith & Co. on October 15, 1888, several days prior to the execution and delivery of the mortgage. We are not advised as to whether plaintiff replied to the answer, but on November 8, 1889, there was a stipulation filed, which had been signed by the attorneys of all parties to the action except Adams, the mortgagor, that judgment of foreclosure might at once be entered against Adams, as demanded in the complaint, but without reference to either of the other defendants, and so that it should not affect the priority of the lien claims as asserted by them. Judgment was so entered, no reference being made to the other defendants or to their claims, November 27, 1889.

From the findings of fact herein it does not appear that any of the issues raised by the answer of C. A. Smith & Co. in the mortgage foreclosure action have ever been determined by the court, or otherwise disposed of. Again, in the action brought February 27, 1890, by the State S. & D. Co. to foreclose its lien, the respective rights and interests of the plaintiff corporation, lien claimant, Nash, the mortgagee, Adams, the owner, and C. A. Smith & Co., lien claimants, were brought in question by an allegation in the complaint that the defendants Nash, Adams, Smith, and Pillsbury had, or claimed to have, some claim or interest in the involved premises, but said claim or interest was inferior to that of the plaintiff corporation. The court found the lien of the State S. & D. Co., plaintiff, superior to the mortgage. It found the facts with reference to the lien claimed by C. A. Smith & Co., and that an action of foreclosure had been brought by that firm; that a judgment had been rendered, and a sale of the premises had, whereby the lien claim of C. A. Smith & Co. had been satisfied. Among other conclusions of law was one that the lien claims of the plaintiff corporation and said C. A. Smith

& Co. were co-ordinate. On these findings judgment was entered, and in accordance therewith, as before stated, December 19, 1890. This was about one year after plaintiff Nash had caused judgment to be entered in his mortgage foreclosure action against the mortgagor only. It is urged by appellant Nash that, as he defaulted in the State S. & D. Co. lien action, having wholly failed to appear, he is not bound by that part of the judgment which determined that the liens of C. A. Smith & Co. and the State S. & D. Co. were co-ordinate, the point being that the rank of these two lien claims could not be and was not brought in question by the complaint, nor was it in issue in the action, as C. A. Smith & Co. failed to answer. We are not obliged to discuss this claim, for Nash, although in default in the action, appeared subsequent to the rendition of judgment by appealing therefrom to this court. The judgment was affirmed, and, whether right or wrong, concluded appellant upon every point determined. Afterwards he moved the court below to vacate and set aside that part of the findings and of the judgment which passed upon and determined in respect to the lien claim of C. A. Smith & Co. The court denied the motion. No appeal was taken, and the time for appealing had expired when this action was begun. Later plaintiff availed himself of the right of redemption provided for in this judgment, and in the present action relied on the redemption made as evidence of his title to the property. In his mortgage foreclosure proceedings Nash had before this temporarily abandoned the prosecution of his assertion that the mortgage lien was superior to that of the defendants material men. He had also taken an appeal from the judgment which expressly fixed the rank of the respective liens, but failed to overturn the judgment in any of its features, or even to secure a modification. Finally, he redeemed from a sale made on the judgment, and in this action asserts an interest acquired thereby. His claim through redemption proceedings is no other or different than that which would have been held by the State S. & D. Co. had no redemption been made. He is concluded by every part of the judgment, as are all other parties thereto. By it the amount then due to C. A. Smith & Co. was determined; and it was also decreed, in effect, that their lien claim was prior, and therefore superior, to plaintiff's mortgage. As between the parties, these questions are at rest as fully as are those

respecting the amount due to, and the relative position of the claim of, the State S. & D. Co.  Here the judgment stopped, however.  In none of the proceedings has the plaintiff been deprived of his right to redeem from the lien held by C. A. Smith & Co.  There has been no foreclosure of their lien as to him, for nowhere has there been even an attempt to set in motion the period of time within which he has a right to redeem from the sale made to Smith and Pillsbury.  This might easily have been done in their action to foreclose by making Nash a defendant, but it was not.  It might have, and probably would have, been done in the plaintiff's action to foreclose his mortgage had the respective rights of all parties been determined therein, as invited by plaintiff's complaint.  Of course, the period of time within which Nash would have to redeem from the sale could be fixed in the present action, its express purpose being to determine the nature and extent of the adverse claim to the premises made by Smith and Pillsbury.  But, undoubtedly, the court below was of the opinion when making its order for judgment that as to the persons last named, defendants therein, the foreclosure proceedings are still pending and undetermined; and that, until the questions raised by the Smith and Pillsbury answer were determined, an action of this character would not lie.  We agree with the learned trial court that the stipulation entered into by the attorneys for the respective parties to the foreclosure proceedings and the judgment entered thereafter, solely against Adams, did not have the effect of discontinuing the action as to the remaining defendants, or of determining the same one way or the other.  The language of the stipulation clearly indicates that the issues raised in that proceeding by the answers of the defendants, namely, the rank, relatively, of the liens asserted by the plaintiff as mortgagee and the defendants as material men, and the rights of the various lienors to redeem, one from the other, were to be left open for future disposal.  The judgment was strictly in accordance with the stipulation.  The questions which plaintiff Nash attempted to litigate in the present action are either disposed of by the judgment in favor of the State S. & D. Co. or are still in issue in his foreclosure action, and must there be determined.  Although unnecessary, perhaps, it is well to say at this time that a supplemental answer embracing allegations of the new facts should be filed by Smith and Pillsbury be-

fore they proceed to trial, for since they answered the year within which Adams had to redeem has expired, and the judgment entered in the other action has disposed of some of the issues. Judgment affirmed.

(Opinion published 56 N. W. Rep. 241.)

Application for reargument denied October 23, 1893.